Losing-, J.,
delivered tbe opinion of tbe'court:
Tbe petitioner claims against tbe United States $2,583 90 as tbe balance due him on a contract for furnishing wood, and $áOO as damages for tbe breach of tbe contract; and tbe court finds tbe facts to be:
On tbe 19th November, 1864, Brigadier General M. Bray-man, commanding tbe United States forces at Natchez, by an order of that date, stating that tbe exigencies of tbe case required' an immediate supply of wood, authorized Captain Perce, assistant quartermaster, to establish wood-yards at any point on tbe river be might deem expedient for supplying tbe post, and to contract for wood to be cut and delivered at tbe lowest market price without advertising.
In pursuance of this, order, tbe lands belongingto Mrs. John Minor, situated about ten miles below Natchez, and outside of tbe Union lines, were designated by Captain Perce by bis order dated November 21,1864, as a wood-yard for tbe supply of tbe post, and tbe claimant was authorized to go. upon such lands with a sufficient force, establish tbe yard, and cut timber thereon, in fulfillment of tbe following contract made between him and said Captain Perce, assistant quartermaster, on tbe part of tbe United States:
“This agreement, made this 8th day of November, A. D. 1864, between John Lockwood, of tbe city of Milwaukee, State of Wisconsin, now residing at tbe city of Natchez, Mississippi, of tbe first part, and the United States, by L. W. Perce, captain and assistant quartermaster United States volunteers, of tbe second part, witnesseth:
“ That whereas authority has been given to establish a wood-yard at any point on the Mississippi Biver deemed expedient by tbe said Captain Perce, for tbe purpose of supplying tbe post of Natchez with wood:
“Now, therefore, the said party of tbe first part hereby agrees to sell and deliver to said party of tbe second part, on the banks of the Mississippi River, at convenient points for landing boats and barges, on- tbe land designated by tbe said *383 Captain L. W. Perce, under tbe said authority above'mentioned ten thousand cords of wood, the same to be delivered from time to time', as required by the depot quartermaster, at said post of Natchez.
. “ In consideration of the above agreement the said party of the second part hereby agrees to pay said party of the first part for the wood so delivered, as follows, viz: for all wood delivered on the banks of the Mississippi, on lands designated by said Captain L. W. Perce, as above specified, the sum of three dollars and fifty cents ($3 50) per cord.
“ It is farther understood and agreed that such military protection will be given to said party of the first part, in carrying out this contract, as the commander of the post of Natchez may deem not detrimental to the public service, and in case such protection is not furnished, and by reason thereof the said party of the first part is driven off and is unable to fulfill the agreements hereby made, no damage shall be claimed against him by reason of such non-fulfillment, but actual inability by reason of no protection being furnished will be required to exempt from liability.”
In pursuance of this contract the claimant cut and delivered wood up to June 1,1865, when the contract was annulled by this agreement between the parties:
“ The contract between the United States Government and John Lockwood is hereby annulled, subject to the following provisions:
“ 1st. No wood shall be cut on the lands of Mrs. John Minor after the 15th instant by the said John Lockwood.
“ 2d. That the said Lockwood be allowed to sell the wood on the said lands cut prior to the 15th instant, to such parties as he desires, paying the said Mrs. Minor for the same, in accordance with the present order allowing him to sell to private steamboats.
“ 3d. The cancellation hereby made shall not preclude a claim being made by the said Lockwood against the United States for the 75 cents retained from the contract price under orders of Brevet Major General J. W. Davidson, dated Natchez, June 1,1865.
“JOHN LOCKWOOD.
“ L. W. PEKOE,
“ Gcvptain md Assistant Quartermaster.”
*384 On January 17,1865, General Davidson, wbo had succeeded to the command by an order of that date, ordered Captain Perce to withhold from Mr. Lockwood the sum of 75 cents per cord for each and every cord of wood cut under contract with, tlie Government on the lands of Mrs. John Minor, and pay the same over to Mrs. John Minor, a loyal citizen. And this was done, and the sums so deducted and paid to Mrs. Minor amounted to the sum of $2,583 90, claimed in this suit.
General Davidson, by an order not dated, referred the wood contract to Major Perce, judge advocate, “for his opinion as against whom the claim for damages committed on the lands of said Mrs. John Minor lay.” '
And on May 25,1865, the judge advocate reported that the trespass in this case, if any, was committed by the Government, and not by the contractor, and that he was not liable for damages.
The claimant agreed and assented that he should pay to Mrs. Minor 75 cents per cord for the wood cut by him, and made, himself, the last payment to Mrs. Minor; the other payments to Mrs. Minor were made by the United States.
The husband of Mrs. Minor was. living during the transactions above stated, and had not taken the oath of allegiance, and her loyalty was distrusted by the military authorities.
In this case, the evidence shows clearly that the claimant assented and agreed that from the contract price payable to him by the United States 25 per cent, should be paid to Mrs. Miner. Captain L. W. Perce, assistant quartermaster, who made the contract and saw to its execution, on cross-examination by the defendants, was asked:
“ Question. Was. it not a distinct agreement and understanding with Ml. Lockwood that he, Lockwood, should pay Mrs. Minor for her wood1?”
Witness answers: “It was.”
And this express testimony is confirmed by the fact that the last payment to Mrs. Minor was made by the claimant, himself, a month after the contract was annulled.
The evidence shows that the officers of the United States paid the money to Mrs. Minor, instead of leaving that to the claimant, but he never objected to this, and all that is sought to be shown is that he objected to the payment being made to Mrs. Minor at all. And this is not shown; all the evidence on *385 fcbe subject is tbe statement of Captain Perce on bis examination-in-chief, as follows:
“ Witness does not remember whether Lockwood objected to the deduction until at or about tbe final settlement. I think that be did object a short time previous to said final settlement. By final settlemeht witness means tbe cancellation of tbe contract, as shown by Exhibit F. Witness thinks that Lockwood may have made objection to a deduction, but there was no formal protest.” This testimony is too vague and uncertain to revoke or annul the express agreement of the petitioner, clearly proved and affirmed by his own payment according to it, made si month after his contract with the Government had been annulled.
And on the facts stated, the court adjudge that the defendants arc entitled to judgment, and that the petition be dismissed.